### MERRIFIELD *v.* BELL.

*(Supreme Court, General Term, First Department. April 17, 1891.)*

**VACATING JUDGMENT—LACHES.**

> Where, in an action by plaintiff to set aside a judgment rendered against him as the silent partner of a concern, on the ground that he had discovered since the action that plaintiffs therein had fraudulently misapplied assets of the concern in their hands which he was entitled to credit for, when the record disclosed the fact that he was present at the trial, and heard one of the then plaintiffs testify to the alleged misappropriation, he was not entitled to an order vacating the judgment.

Appeal from special term, New York county.

Action by Edward L. Merrifield against Ezekiel Y. Bell, assignee in bankruptcy of Henry Lawrence & Sons, to vacate and set aside a judgment recovered against him as a special partner of the firm of Merrifield & McDowell. The plaintiff appeals from a judgment for the defendant rendered by the court without a jury.

Argued before VAN BRUNT, P. J., and DANIELS, J.

*John E. Parsons*, for appellant.   *Geo. Bell*, (*F. R. Coudert* and *Matthew Daly*, of counsel,) for respondent.

VAN BRUNT, P. J.　Prior to April 10, 1871, the plaintiff was the special partner in the firm of Merrifield & McDowell, doing business in the city of New York, of which firm the general partners were Silas Merrifield, the brother of the plaintiff, and one William O. McDowell.　On the 5th of February, 1871, John H. De Bevoise made his certain bond and mortgage to John De Bevoise to secure the payment of $15,000 and interest, who on the 17th of February, 1871, assigned the same to the said firm of Merrifield & McDowell, as security for an indebtedness of the said John De Bevoise to said firm.　On the 28th of February, 1871, the firm of Merrifield & McDowell assigned the said bond and mortgage, with $10,000 of the indebtedness owing to them by said John De Bevoise, to the plaintiff, who by agreement dated March, 1871, covenanted to reassign when his liability as indorser of the notes and commercial paper of Merrifield & McDowell, and all other liabilities of himself as a member of the firm, or incurred by reason of such indorsement, should be extinguished, and the amount of his interest in the firm should be paid.　On the 10th of April, 1871, the firm of Merrifield & McDowell terminated, and the plaintiff withdrew from the partnership the sum of $8,900, being $5,000, the special capital contributed by him, and $3,900, profits assumed to have been due to him.　At this time the said firm of Merrifield & McDowell was indebted to the firm of Lawrence & Sons in the sum of $14,666,73.　In September, 1871, the plaintiff reassigned the said bond and mortgage to Merrifield & McDowell, together with the said $10,000 of indebtedness due to them from John De Bevoise.　On the same day Silas Merrifield, one of the general partners of Merrifield & McDowell, assigned to McDowell, the other general partner, for a nominal consideration of one dollar, all his right, title, interest, and estate of, in, and to the said bond and mortgage.　Upon the next day the said McDowell assigned the said bond and mortgage to one Samuel Lawrence, who in the transaction acted for the firm of Lawrence & Sons.　No present consideration was paid for the assignment of said bond and mortgage; and the same was received by Lawrence & Sons under an agreement with McDowell that said McDowell individually, and the firms of which he was a member, subsequent to that of Merrifield & McDowell, were to be credited with the proceeds of such mortgage against any sums of money in which they might be indebted to said firm of Lawrence & Sons.　This bond and mortgage were foreclosed in the name of Samuel Lawrence in November, 1873, and over $16,000 cash was received thereon by Lawrence & Sons, and retained and applied by them to the individual indebtedness of McDowell, and the indebtedness of the subsequent firms of which he was a member.　It was also found as a fact upon the trial that, if the amount realized upon said bond and mortgage by Lawrence & Sons had been applied on account of the indebtedness to them of Merrifield & McDowell, it would have paid such indebtedness. In the year 1874 the firm of Lawrence & Sons commenced an action in the superior court of this city against the plaintiff and his two partners, Silas Merrifield and William O. McDowell, as copartners doing business under the firm name of Merrifield & McDowell, to recover the said indebtedness alleged to be due from said firm of Merrifield & McDowell to Lawrence & Sons.　The plaintiff herein defended said action upon the ground that he was a special partner, and also upon the ground that at or about the time of the dissolution of the firm of Merrifield & McDowell, and before the commencement of the action, the firm of De Bevoise, McDowell & Co., for a good and reasonable consideration, assumed and agreed to pay all the debts of the firm of Merrifield & McDowell, and were accepted and substituted by said firm of Lawrence & Sons as their debtors, in lieu and place of said firm of Merrifield & McDowell, for all demands held by the said Lawrence & Sons against Merrifield & McDowell; and that said De Bevoise, McDowell & Co. made and delivered their promissory notes for the demand of said firm of Lawrence & Sons, and that said firm of Lawrence & Sons accepted said notes in payment and satis-

faction of said demand. Upon the trial of said issues the plaintiff was present, and heard Seabury Lawrence testify, among other things, in respect to the application by Lawrence & Sons of the proceeds of said bond and mortgage. The jury found that it was not understood or agreed by said Lawrence & Sons that the delivery to and acceptance by them of the notes of De Bevoise, McDowell & Co. should operate as a satisfaction and extinguishment of their claim against Merrifield & McDowell upon the notes and accounts upon which said action had been brought, and rendered a verdict against all the defendants. Exceptions having been directed to be heard in the first instance at the general term, upon a motion for a new trial, the verdict against the plaintiff was set aside, and judgment was entered upon such indebtedness against the other two defendants, in February, 1877. The court of appeals affirmed this reversal, the judgment against the general partners remaining undisputed. 73 N. Y. 590. Execution was issued thereon against Silas Merrifield and William O. McDowell, the general partners, which execution was returned unsatisfied. Subsequently Lawrence & Sons commenced an action in this court in the nature of a creditors' bill, founded upon the said judgment, to recover the $8,900 alleged to have been withdrawn by the plaintiff from Merrifield & McDowell while that firm was insolvent. Issue having been joined in this action, before its trial the firm of Lawrence & Sons failed, and the defendant was appointed their assignee in bankruptcy, and in November, 1883, a judgment was entered in favor of the defendant against the plaintiff. This judgment was affirmed by the general term and by the court of appeals. 16 N. E. Rep. 55. Execution having been issued upon said judgment after its affirmance by the court of appeals, this action was commenced to vacate said judgment obtained by the defendant as assignee, and to have it determined that there was no indebtedness by Merrifield & McDowell to Lawrence & Sons upon which to found the recovery against the plaintiff. The ground upon which the plaintiff brought this action is that just prior to the commencement thereof, and subsequent to the decision of the court of appeals in the action brought in this court, the plaintiff had learned that among the assets of Merrifield & McDowell was the said mortgage for $15,000, and that the interest of Silas Merrifield in that mortgage was assigned to McDowell, and by the latter the mortgage was assigned to Lawrence & Sons, in pursuance of a corrupt and fraudulent agreement that no credit should be given by Lawrence & Sons for the mortgage, or for the amount received upon it, in order that there might be an apparent indebtedness by Merrifield & McDowell to Lawrence & Sons, so that the plaintiff might be compelled to pay to Lawrence & Sons for McDowell the sum of $8,900, received by him as aforesaid, when it was not due at all to Lawrence & Sons, and there was no liability for it on the part of the plaintiff to said McDowell. Upon the trial of this action judgment was rendered dismissing the plaintiff's complaint, and from such judgment this appeal is taken.

It will thus be seen that this action is brought in equity to set aside a judgment duly obtained in this court, after a trial in which the present plaintiff had an opportunity to present any defense which he might have. It is the rule, which should not be departed from in cases of this description, that the party should show with reasonable certainty that, without any fault of his own, by fraud, by accident, by the wrongful act of the other party, he has been deprived of his defense; and that the use of diligence on his part would not have made him acquainted with the facts out of which it arose, so that it might have been interposed in the action the judgment in which it is sought to set aside. As is said in the case of *Vilas* v. *Jones*, 1 N. Y. 281, when a party goes into chancery after a trial at law, he must be able to impeach the justice and equity of the verdict, and it must be upon grounds which either could not be made available to him at law, or which he was prevented from setting up by fraud, accident, or the wrongful act of the other party, with-

out any negligence or other fault on his part. And the question presented on this appeal is whether the proofs offered by the plaintiff bring him within this rule.

It is true that he alleges and claims to have established upon this trial that he discovered the facts upon which he now rests his cause of action subsequent to the trial of the action, and to the affirmance of the judgment by the court of appeals; and that such judgment was procured through the fraudulent agreement entered into between his former partner, McDowell, and Lawrence & Sons. If this had been the fact,—if the plaintiff had no means of knowing of the fraudulent application of the assets of the firm of Merrifield & McDowell through an arrangement between McDowell & Lawrence, and he had discovered that fact after Lawrence & Sons or their assignees had obtained a judgment against him, as creditors of the firm of Merrifield & McDowell, when in fact they had in their possession assets which they were bound to apply on account of such indebtedness, and which would have extinguished the same,—it is probable that a cause of action would have been made out. But although we may not agree with the learned judge who tried this action below, in respect to some of the deductions which he drew from the evidence, there is one fact, which is uncontested, which is fatal to the plaintiff's right to recover. It is not true that he did not discover the misapplication of the proceeds of this bond and mortgage to debts other than those owed by Merrifield & McDowell to Lawrence & Sons until after the affirmance of the judgment of this court by the court of appeals. It appears from the record in this case that he was present in the superior court when the suit in that court was being tried, and heard one of the Lawrences swear how they had applied the proceeds of this mortgage which they had then collected, under the direction of McDowell. The plaintiff at that time knew that that mortgage had been assets in the hands of Merrifield & McDowell. He knew that such assets had been assigned to him as collateral security for the indebtedness of that firm to him. He knew that he reassigned it to the firm; and it transpired during the course of that trial that all that Silas Merrifield had assigned to McDowell was his right, title, and interest in that mortgage, which was nothing except that which might remain to him after the payment of the debts of Merrifield & McDowell; and that McDowell had assigned the mortgage to Lawrence & Sons, who had collected the same, and applied the proceeds upon indebtedness other than that due from Merrifield & McDowell, namely, indebtedness due from a succeeding firm to Lawrence & Sons, and the individual indebtedness of McDowell to said latter firm. He then was in possession of every fact necessary to defeat the action brought against him in the supreme court upon the basis of the judgment which had been obtained in the superior court. He knew then that this bond and mortgage were assets of Merrifield & McDowell. He knew that McDowell had applied them to his individual uses, and he has not discovered anything else since.

The attention of the plaintiff's counsel seems to have been exclusively engrossed with the defense that Lawrence & Sons had accepted the firm of De Bevoise & Co. as their debtors in the place of Merrifield & McDowell, and thus released the latter firm. It may be true that the learned judge below gave too much importance to the knowledge of the attorney of the plaintiff in respect to the proceedings in the former litigations. It may be true that Lawrence & Sons took the bond and mortgage with notice of the fact that they were assets of the firm of Merrifield & McDowell, and that McDowell had no right to appropriate it to his individual uses. But it is equally true that at the time of the trial of the first suit in the supreme court, in which the plaintiff was charged with the $8,900 withdrawn from the firm, he was as well aware of those facts as anybody else. He knew, of his own knowledge, that this bond and mortgage belonged to Merrifield & McDowell, and

he had heard one of the Lawrences, as already stated, testify in the superior court as to what they had done with the proceeds. We may agree with all the propositions advanced by the learned counsel for the plaintiff in respect to the rights of Merrifield & McDowell and Lawrence & Sons, as far as the application of the proceeds of this bond and mortgage is concerned, and we may concede that there was a misapplication of those proceeds. But the difficulty with the plaintiff's case is that he was bound to set this up when he was sought to be charged with the indebtedness. He knew the facts, he must have known the facts, from the very nature of the case, and it is idle to say that he has just discovered them. It is entirely immaterial what may have been the arrangement between McDowell and Lawrence & Sons by which this result was reached. The plaintiff knew that assets of Merrifield & McDowell had been disposed of by Lawrence & Sons for purposes other than the payment of the copartnership debts; and this knowledge was all that was necessary for the plaintiff to have when Lawrence & Sons were seeking to charge him, in order to have defeated that claim, if he had made the proper defense thereto. The plaintiff may not have been properly advised of his rights, but that affords no ground for the setting aside of judgments duly obtained. While not agreeing with the learned judge below in many of his conclusions of law and findings of fact, as above stated, yet still, upon the findings which are established without contest, we do not see how the plaintiff can maintain this action. The judgment should be affirmed, with costs.